UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. KIPPERMAN, Court Custodian, per U.S.B.C. SD of Cal., Case No. 11-05973-B11, <br><br>　　　　　Plaintiff, <br>v. <br><br>LUXURY TOY CLUB LLC, a California Limited Liability Company; and DOES 1-10, <br><br>　　　　　Defendant. | Civil No. 11cv1644 AJB (POR) <br><br>ORDER GRANTING EX PARTE APPLICATION AND REMANDING ACTION TO STATE COURT <br><br>[Doc. No. 2] |

Plaintiff, RICHARD M KIPPERMAN, Court Custodian, per Order of the United States Bankruptcy Court, Southern District of California, Case No. 11-05973-B11 ("Plaintiff"), filed an Ex Parte Motion to Remand Unlawful Detainer Action to State Court ("Ex Parte Motion"), Doc. No. 2, on August 2, 2011. The Defendant, LUXURY TOY CLUB LLC, a California Limited Liability Company ("LTC" or "Defendant"), has not responded in any way to Plaintiff's Ex Parte Application.[1]  For the reasons set forth below, the court hereby ORDERS the above captioned proceeding, Plaintiff's Unlawful Detainer action, be REMANDED to back to the San Diego Superior Court, Case No.37-2011-00045029- CL-CTL-UD for all further proceedings.

---

[1] In accordance with this Court's Civil Case Procedures relative to "Ex Parte Proceedings," Plaintiff's counsel contacted Robert Mackey with regard to the subject matter of this motion and to meet and confer. Plaintiff's counsel states that to date, the only reliable way to communicate with Mr. Mackey has been via e-mail and on August 1, 2011, Plaintiff's counsel transmitted an e-mail to Mr. Mackey to give him notice of this Ex Parte Motion and request his response. There has been no response from Mr. Mackey to date. See Doc. No. 2-1 at 2.

### *Background*

The Plaintiff is the court appointed Custodian[2] and Receiver[3] for La Jolla UTC Corporation ("LJ UTC") and therefore has possession of the commercial real property located at 1012 Prospect Street, Suites 300 and 310, La Jolla, California, 92037.

Suite 300 of the commercial real property is occupied by Defendant LUXURY TOY CLUB LLC, a California Limited Liability Company ("LTC" or "Defendant"). LTC is owned, operated, and controlled by Robert Mackey ("Mackey"). Suites 300 is a luxury suite in the subject building, overlooking an ocean front view. LTC entered into an eight (8) year lease with LJ UTC on or about February 2007, with a minimum monthly rent of $4,077.50, together with other charges designated in the lease ("LTC Lease"). While LTC has continued to enjoy the benefits of possession of this luxury suite, Plaintiff states that LTC has failed to pay the rent pursuant to its lease.

As a consequence, Plaintiff filed an unlawful detainer action against the Defendant in the San Diego Superior Court on June 1, 2011.[4] Mackey appeared pro se for LTC,[5] by the filing a demur to the complaint. The demur was scheduled for hearing in the San Diego Superior Court on July 27, 2011 at 1:30 pm . On the day before the hearing, LTC filed a notice of removal on July 26, 2011 ("the Removal Notices").

### *Discussion*

The Defendant LTC, appearing *pro se* through its Chief Executive Officer Robert Mackey, argues in the notice of removal that the action is removable based on diversity jurisdiction. *See* Doc. # 1

---

[2] A copy of the Custodian Order entered May 18, 2011 in that certain United States Bankruptcy Court San Diego of California, Case No. 11-05973-B11 is attached as Exhibit "A" to the request for judicial notice, filed concurrently herewith ("RFJN").

[3] A copy of the Order entered November 12, 2010 ("Receivership Order"), in that certain San Diego Superior Court ("SDSC") Case No. 37-2010-00101501-CU-OR-CTL entitled GECMC 2007-C1 PROSPECT STREET LIMITED PARTNERSHIP v. LA JOLLA UTC CORP is attached as Exhibit "B" to the RFJN, filed concurrently herewith.

[4] The unlawful detainer complaint filed against Defendant LTC was assigned SDSC Court Case Number 37-2011-00045028-CL-UD-CTL ("UD Action").

[5] LTC has not utilized legal counsel to represent its interests even though California law requires such entities to only appear by counsel in a court of law. No corporation can appear in a legal proceeding without counsel in the state of California. *See Gamet v. Blanchard* (2001) 91 CA 4th 1276, 1284. The same is true for a California limited liability company.

at 2. Though not mentioned in the notice of removal, the Defendant may also intended to argue this Court has federal question jurisdiction, since that was indicated on the Civil Case Cover Sheet . *See* Doc. No. 1 at 3. Upon review of the record, however, the Court finds that this case is not suitable for removal on either federal question or diversity grounds.

The Defendant is seeking to invoke diversity jurisdiction under 28 U.S.C. § 1441(b), however, section1441(b) states that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b).

The Court notes that the Defendant has acknowledged being domiciled in California. As such, the removal notice clearly fails to satisfy minimum removal requirements. *See* Doc. No. 1 at 2. Although the Defendant claims damages exceeding $75,000.00,[6] the complaint alleges damages of less than $25,000.00, which is well below the $75,000.00 minimum amount in controversy required to invoke diversity jurisdiction. Any claim by Defendant for affirmative monetary relief may not be considered for the purposes of determining whether federal question jurisdiction exists. *Rivert v. Regions Bank*, 522 U.S. 470, 475 (1998). Furthermore, the removal statute clearly bars defendants who reside in the state where the action is filed to remove a state court action based solely on diversity jurisdiction where the record reflects no support for a finding that the minimum amount in controversy has been met.[7]

While not set forth in Defendant's arguments in the notice of removal, the Defendant indicated Federal Question Jurisdiction as the basis for jurisdiction on the Civil Cover Sheet filed with this Court. *See* Doc. No. 1 at 3. However, since the complaint alleges only state law claims and the Defendant has failed to articulate any basis for federal question jurisdiction, the Court finds that Defendant has failed to satisfy section 1331. *See* 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) (holding that in order for a state law claim to satisfy section 1331, it must be clear from the

---

[6] *See* Doc. No. 1 at 2.

[7] *See* 28 U.S.C. § 1441(b); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n.3 (9th Cir.1990).

face of the plaintiff's complaint that a federal law creating a cause of action is an essential element of the state law claim).

### *Conclusion*

For the reasons set forth above, IT IS HEREBY ORDERED that the Action is REMANDED to the San Diego Superior Court for all further proceedings.

DATED: August 10, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge